Frank A. CARTER, Jr., Chief Disciplinary Counsel

v.

Anthony S. DelGIUDICE.

No. 80–382–M.P.

Supreme Court of Rhode Island.

Sept. 16, 1980.

Albert D. Saunders, Jr., East Greenwich, for petitioner.

Leonard A. Kiernan, Jr., Providence, for respondent.

## OPINION

**PER CURIAM.**

The respondent, Anthony S. DelGiudice, who was admitted to the bar of Rhode Island on December 2, 1949, comes before us on an order to show cause why we should not adopt the recommendation of the Disciplinary Board (the board) that he be disbarred for violation of the following disciplinary rules by virtue of conduct set forth in the petition for disciplinary action:

1. That he violated Disciplinary Rule 6–101(A)(3) in that he neglected a legal matter entrusted to him.

2. That he violated Disciplinary Rule 1–102(A)(4) in that he engaged in conduct involving dishonesty, fraud, deceit or misrepresentation.

3. That he violated Disciplinary Rule 7–101(A)(1) in that he intentionally failed to seek the lawful objectives of his clients through reasonable means permitted by law and the Disciplinary Rules.

4. That he violated Disciplinary Rule 7–101(A)(2) in that he intentionally failed to carry out the contract of employment entered into with a client for professional services.

5. That he violated Disciplinary Rule 7–101(A)(3) in that he intentionally prejudiced or damaged his client during the course of the professional relationship.

The board adopted the findings of a hearing panel which had conducted an evidentiary hearing concerning these charges pursuant to Rule 42–6(b) on January 18, 1980. The board at a meeting held on May 22, 1980, recommended the disciplinary action of disbarment and instructed the Chief Disciplinary Counsel to notify this court of its findings and recommendations in accordance with Rule 42–6(d). After hearing the respondent on the order to show cause, we adopt the recommendation of the board.

The record of the evidentiary hearing discloses the following facts. The respondent had been retained as an attorney by Francis Moulton (the client) to represent him in respect to a civil action brought against the client by Beverly and Rocco Marsigliano (plaintiffs) in the Superior Court for Providence and Bristol Counties. During the course of his representation respondent discussed settlement with the attorney for the plaintiffs. He reported to the client that the case could be settled by the payment of $500 to plaintiffs. The client borrowed this sum and turned over a check for that amount endorsed in favor of respondent. The client was assured by respondent that this check would be deposited to respondent's account and a check in like amount would be delivered to plaintiffs in settlement of their claim.

No payment was made by respondent in settlement of this claim, and on October 18, 1974, a default judgment was entered against the client in the sum of $2,000 plus interest. On November 24, 1974, an execution issued against the client in the amount of $2,919.50, and the client's wages from Narragansett Electric Company were garnished. Thereafter, the client was cited to appear for a hearing in supplementary proceedings.

During the course of these subsequent legal steps instituted by plaintiffs, the client called respondent on a number of occasions and was assured that respondent would deal with these "mistakes" that should not have occurred. Ultimately, after the client had been arrested under a body attachment issued in implementation of the plaintiff's judgment, he secured the services of another attorney, Richard B. Carpenter, Esq. This attorney managed to obtain an agreement to satisfy the plaintiffs' judgment for the amount of $500 originally agreed upon in the initial settlement discussion. The client was obliged to borrow this sum once more, and this time it was paid over to plaintiffs.

Mr. Carpenter on the client's behalf also commenced an action against respondent in the Superior Court for the County of Washington. No answer was filed, and a default judgment was entered against respondent in January of 1977. After execution was served and returned unsatisfied, supplemen-

tal proceedings were begun, and respondent continued to fail to appear. Eventually a body attachment was issued and served on respondent. The respondent's assertion to Mr. Carpenter in response to the client's claim against him was that the $500 transmitted to him by the client had been for legal fees in respect to the Marsigliano claim and also for work performed in a divorce action. Eventually Mr. Carpenter accepted a final payment in the amount of $1,000 to settle the client's action against respondent.

After presenting documentary evidence of the Superior Court actions and proceedings and eliciting the testimony of the client and Mr. Carpenter, Disciplinary Counsel rested. The respondent did not testify and presented no evidence on his own behalf. The board in reaching its findings specifically stated that it gave no weight to the failure of respondent to testify or to present evidence in his own defense. The board proceeded to find that the evidence was clear and convincing that the respondent "plainly violated each of the disciplinary rules referred to by the petitioner in the petition." The board stated that it was satisfied that the quality of the proof as adduced "establishe[d] clearly and convincingly the respondent's guilt, indeed even beyond a reasonable doubt." Illustrative of the specific findings of the board are the following:

"The Board finds that the respondent was engaged by his client to represent his client in pending litigation in the Superior Court. We find that the respondent took no action, whatever, at any time to represent the interests of his client in the pending litigation and the Board is absolutely convinced that the respondent received the sum of Five Hundred ($500.00) Dollars from his client for the purpose of using that sum for the settlement of litigation in which he represented his client and that he kept that money for himself. He allowed a default judgment to be entered against his client. He allowed process in aid of that judgment to be issued. He allowed the Defendant's wages to be attached. He allowed a body attachment to be issued against his client. All of these adverse actions were permitted to be taken against his client in spite of notice from his client that such adverse actions were being taken.

"We find that the defendant engaged in false, fraudulent and deceptive activity in pretending to his client that he had effected a settlement and that the case was disposed of. He further misled and deceived and actively defrauded his client by representing to him that each of the actions taken against his client in the enforcement of the judgment were mistakes and would be corrected by him.

"We find that the default judgment entered in the Washington County Superior Court was a knowing and deliberate submission by the respondent to the judgment of that Court.

"We find that the assertions by the respondent to Mr. Carpenter that there was some dispute as to the application of the Five Hundred ($500.00) Dollars paid to him by Mr. Moulton were false, fraudulent, misleading and deceptive, and intended to delay and hinder Mr. Carpenter and Mr. Moulton in recovering satisfaction of the judgment.

"We find that the conduct of the respondent reflected in the docket entries in the Washington County Superior Court action with respect to the supplemental process issued against him on the judgment to be evasive irresponsible and inappropriate for an officer of any Court of this State."

In view of these findings by the board, which were fully supported by evidence in the record, we must consider the disciplinary recommendation of the board not only in the light of the seriousness of the instant complaint, but also in the light of the prior disciplinary action considered and referred to in *Carter v. DelGiudice*, R.I., 414 A.2d 779 (1980), which proceeding resulted in the indefinite suspension of respondent from the practice of law before the courts of this state. Considering the recommendation of disbarment in this posture, we believe that this drastic disciplinary remedy must be

implemented in order to protect the public from the type of behavior of which the instant complaint is but one example.

Therefore, it is hereby ordered and directed that the respondent, Anthony S. DelGiudice, be and hereby is disbarred from the practice of law before the courts of this state. The respondent has previously been ordered to comply with the provisions of our Rule 42–15(a)(b) and to furnish to the clerk of this court on or before May 12, 1980, the names and addresses of any and all clients presently being represented by him. Said order is reaffirmed, and compliance therewith is presumed.

BEVILACQUA, C. J., did not participate.